Howard S. Trickey
Matthew Singer
JERMAIN DUNNAGAN & OWENS, P.C.
3000 A Street, Suite 300
Anchorage, AK  99503
Phone:  907-563-8844
Fax:  907-563-7322

Counsel for Defendant City of Fairbanks

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| AL HUTTON and DOUG WHORTON, )<br>)<br>Plaintiffs,           )<br>)<br>v.                                                  )<br>)<br>CITY OF FAIRBANKS, CHIEF         )<br>DANIEL P. HOFFMAN AND DEPUTY )<br>CHIEF BRAD JOHNSON, each in his   )<br>Individual and Official Capacity,          )<br>)<br>Defendants.      )<br>_____)  | Case No. 4:08-cv-00029-RRB |

**DEFENDANTS' JOINT REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT FOR AL HUTTON'S FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

**I.      INTRODUCTION**

Defendants move for partial summary judgment because Al Hutton failed to exhaust his administrative remedies.  Hutton urges this court to deny Defendants' Joint Motion for Partial Summary Judgment, yet he fails to distinguish Defendants' authority and fails to adequately support his own arguments.  Accordingly,

Defendants respectfully request that this Court grant Defendants' motion.  Below is a brief recapitulation of the employment actions upon which Hutton bases his claims, followed by an analysis of each of Hutton's arguments in sequence.

### II. THE EMPLOYMENT ACTIONS THAT FORM THE BASIS OF HUTTON'S CLAIMS

Identifying the employment actions that form the basis of Hutton's allegations is essential to resolving the present dispute.  The parties fundamentally disagree as to whether Hutton's claims were grieveable or not, therefore parsing out the specific harms Hutton alleges he suffered is critical.

The only employment action Hutton alleges he actually suffered was that he was ordered to attend a psychological examination.[1]  [Opposition, p. 8]  Hutton frames this order as "discipline."  [Opposition, p. 8]  Hutton also asserts that he was threatened with demotion when he said he was going to file a written grievance.  [Opposition, p. 6]  He then implies that he was constructively demoted, stating that his request to be transferred back to patrol was not in fact a voluntary decision; he requested the transfer to avoid more retaliation.  [Opposition, p. 10] Finally, Hutton was issued a letter of counseling for telling various Fairbanks Police Department employees that he was preparing to file a lawsuit against the Department.  [Opposition, p. 11]  As Hutton points out, letters of counseling are not grieveable because they are not disciplinary, are not placed in the employee's personnel file, and

---

[1] Defendants dispute that the examination was an "adverse" employment action, but for purposes of this motion only will treat the examination as such.

*Defendants' Joint Reply to Plaintiff's Opposition to Motion
For Partial Summary Judgment for Al Hutton's Failure to
Exhaust Administrative Remedies*
Case No. 4:08-CV-00029 RRB                                                                 Page 2 of 15

result in no employment consequences.  [Opposition, Ex. 1, Art. 17, Sec. 1] Therefore, the only employment action Hutton identifies was the psychological evaluation; the other incidents he alleges were based on Hutton's fear of reprisal, rather than any actual employment actions.

### III. ANALYSIS OF HUTTON'S OPPOSITION

#### 1. Hutton Cannot Escape the Exhaustion Requirement by Suing His Supervisors Individually

Hutton's first argument is that the Chief and Deputy Chief are not parties to the PSEA contract individually, and therefore any actions against them individually cannot be found to be grieveable.  Hutton, without citing any authority, asks this court to carve out an exception so large that it would swallow the rule of exhaustion of remedies.  Under Hutton's theory, any public employee in the state of Alaska could avoid the explicit requirement of binding arbitration found in the Public Employment Relations Act (PERA),[2] by filing a claim against his or her supervisors individually.  The Chief and Deputy Chief owe no duty to Hutton as private citizens; their duties, and all of Hutton's claims, are based entirely on the employer/employee relationship, which is expressly governed by the CBA and PERA.  An employee may

---

[2] *See* AS 23.40.70, et seq. (governing negotiated agreements between public employers and their employees); AS 23.40.210(a) (mandating that all CBAs subject to PERA contain grievance procedures and that all such procedures must have binding arbitration as a final step); *see also Barnica v. Kenai Peninsula Borough School*, 46 P.3d 974, 977 (Alaska 2002).

*Defendants' Joint Reply to Plaintiff's Opposition to Motion*
*For Partial Summary Judgment for Al Hutton's Failure to*
*Exhaust Administrative Remedies*
Case No. 4:08-CV-00029 RRB                                                                   Page 3 of 15

not avoid the duty to exhaust administrative remedies by bringing suit against individual supervisors, and therefore Hutton's first argument clearly fails.[3]

### 2. *Barnica* Does Not Apply

Hutton's second argument is that none of his claims are subject to grievance under *Barnica v. Kenai Peninsula Borough School Dist.*[4] Hutton argues that because *Barnica* held that an employee must pursue arbitration when a CBA prohibits conduct that is also prohibited by statute, the case also stands for the opposite assertion – if an action is *not* prohibited by the CBA it *cannot* be subject to arbitration. This argument is flawed and ignores Alaska law. It is well settled in Alaska that where a claim stems from an employment action to which the employee had a grievance procedure available, the employee must first exhaust his administrative remedies or the claim is subject to dismissal on summary judgment.[5] Hutton cannot overcome this fundamental tenant of Alaska law by awkwardly relying on *Barnica* for a proposition opposite to its holding. An expression of one truism does not necessarily mean the opposite is true.

Additionally, even if Hutton's bizarre interpretation of *Barnica* was correct, Hutton's claims would still be subject to the duty to exhaust. All of Hutton's

---

[3] *See, e.g.*, *Stewart v. Thomas*. 538 F.Supp. 891, 895 (D.D.C.1982) (finding that an employee may not escape the duty to exhaust administrative remedies by suing parties individually); *Holloway v. Bentsen*, 870 F.Supp. 898, 901-02 (N.D. Ind. 1994) (same).

[4] 46 P.3d 975 (Alaska 2002).

[5] *See, e.g., Grant v. Anchorage Police Dep't.*, 20 P.3d 553 (Alaska 2001); *Voigt v. Snowden, II*, 923 P.2d 778 (Alaska 1996); *Diedrich v. City of Ketchikan*, 805 P.2d 362 (Alaska 1991).

*Defendants' Joint Reply to Plaintiff's Opposition to Motion*
*For Partial Summary Judgment for Al Hutton's Failure to*
*Exhaust Administrative Remedies*
Case No. 4:08-CV-00029 RRB                                                                                    Page 4 of 15

allegations *are* based on conduct expressly prohibited by the CBA. The CBA prohibits discipline, demotion, and discharge without just cause, sets out specific circumstances under which a psychological examination may be ordered, and provides procedures for challenging each of these employment actions. [Ex. 1, Art. 8, Sec. 14 & Art. 9, Sec. 8] Hutton complains that he was unjustly disciplined, constructively demoted, and ordered to attend a psychological evaluation, all of which are expressly covered by the CBA.

### 3. Hutton's Claims are Barred Because They Require the Interpretation and Application of the CBA and Are Not Statutory Claims

Hutton's third argument is that state law claims are not preempted unless they require interpretation of the CBA or were specifically presented to an arbitrator for ruling. First, the CBA specifically states that "A grievance is defined as any dispute arising from the interpretation, *application* or *alleged violation* of a provision of this Agreement." [Ex. 1, Art. 8, Sec. 2] Therefore, Hutton's assertion that only disputes regarding the *interpretation* of the CBA are subject to its grievance procedures is incorrect; disputes regarding both the application and alleged violation of the CBA are also grieveable.

This Court cannot evaluate Hutton's claims without carefully examining, interpreting, and applying the provisions of the CBA. As stated above, the only employment action Hutton can point to in this case is that he was ordered to attend a psychological evaluation. Article 9, section 8, specifies the circumstances under

*Defendants' Joint Reply to Plaintiff's Opposition to Motion*
*For Partial Summary Judgment for Al Hutton's Failure to*
*Exhaust Administrative Remedies*
Case No. 4:08-CV-00029 RRB                                                                 Page 5 of 15

which an examination may be ordered, an employee's options when an examination is ordered, and the procedure for the examination. Hutton asserts that this provision was violated because, according to Hutton, there were no circumstances to justify the examination; it was ordered as a form of retaliatory discipline, not because the Chief actually thought he was unfit for duty. To determine whether Hutton's claim has merit, this Court will have to carefully examine section 8, in the context of the CBA as a whole, and determine what circumstances merit an evaluation, whether the evaluation was warranted in this case, and whether the proper procedure was followed. Yet, Article 9, section 8 of the CBA, which Hutton himself negotiated and is bound by, provides that a Fitness Advisory Board is to make this same determination that Hutton now asks the Court to make.

Likewise, Hutton's claims that he was threatened with discipline and constructively demoted absent just cause require careful interpretation and application of the CBA. To evaluate Hutton's claims, the Court will have to determine whether the employment actions Hutton alleges constitute discipline and/or demotion, interpret the meaning of "just cause," and apply those terms to the facts at bar. Thus, Hutton's assertion that his claims do not require interpretation and application of the CBA is unfounded.

Defendants recognize the authority of *Hammond v. State, Dept. of Trans. & Pub. Facilities*, and for this reason do not challenge Hutton's statutory whistleblower claim in this motion. However, Hutton reads *Hammond* too broadly. *Hammond*

*Defendants' Joint Reply to Plaintiff's Opposition to Motion*
*For Partial Summary Judgment for Al Hutton's Failure to*
*Exhaust Administrative Remedies*
Case No. 4:08-CV-00029 RRB                                                                 Page 6 of 15

holds that "an employee's exercise of the right to arbitrate under a CBA does not preclude subsequent litigation of related <u>statutory claims</u> in state court unless the employee clearly and unmistakably submits the statutory claims to arbitration."[6] Yet, none of the claims challenged in this motion are statutory, and Hutton's broad references to the Constitution are insufficient to overcome his burden to exhaust administrative remedies.[7]  [Complaint, p. 14-17] Hutton's non-statutory claims, which are undeniably premised on the theory that he was disciplined without just cause, are precluded by his failure to exhaust.

### 4. Hutton Is Required by PERA to Arbitrate his Employment Dispute and Hutton's Claims Require More Than Mere Reference to the CBA

Hutton's fourth argument is that a reference to a CBA does not raise exhaustion requirements.  Hutton cites several federal cases to support this assertion, but Alaska law, not federal law, governs the CBA at issue.  As stated above, the Public Employment Relations Act (PERA) governs negotiated agreements between public employers and their employees in the State of Alaska.[8]   The Alaska legislature has provided that the procedure for resolving disputes between public employers and employees is through a grievance process with binding arbitration as

---

[6] 107 P.3d 871 (Alaska 2005) (emphasis added).

[7] *See, e.g., Johnson v. District of Columbia*, 368 F.Supp.2d 30, 44 (D.D.C. 2005) ("The fact that this first claim is couched in constitutional terms is of no moment for the exhaustion inquiry.").

[8] AS 23.40.070.

the final step.[9]  Additionally, "[t]he common law and statutes of Alaska evince 'a strong public policy in favor of arbitration.' … [and] a policy of minimal court interference with arbitration.'"[10]  Under Alaska law, where a claim is based on an employment action to which the employee had a grievance procedure available, the employee must exhaust his administrative remedies.[11]  Hutton cannot overcome the State's policy of favoring arbitration over litigation by citing inapplicable federal case law.

Hutton's reliance on *Allis-Chalmers Corp. v. Lueck* is perplexing because the Supreme Court held that employees may not side-step available grievance procedures by claiming a dispute that is traditionally resolved through arbitration and is rooted in contract, is in fact a tort.[12]  The plaintiff in *Allis-Chalmers*, like Hutton, attempted to reframe his claim to subvert the grievance process, but the court would not allow it.[13]

Hutton's reliance on other federal cases is equally misguided.  The cases he cites state that, while most state claims that require interpretation of labor agreements are preempted by section 301 Labor-Management Relations Act of 1973 (LMRA), claims that require mere reference to the CBA are not preempted.  For instance,

---

[9] *Barnica*, 46 P.3d at 977 (citations omitted).

[10] *Department of Public Safety v. Public Safety Employee's Association*, 732 P.2d 1090, 1093 (Alaska 1987) (citing *University of Alaska v. Modern Construction, Inc.,* 522 P.2d 1132, 1138 (Alaska 1974) and *City of Fairbanks Municipal Utilities System v. Lees,* 705 P.2d 457, 460 (Alaska 1985)).  *See also Ahtna Inc. v. Ebasco Constructors, Inc.,* 894 P.2d 657, 662 (Alaska 1995).

[11] *See, e.g., Grant*, 20 P.3d 553; *Voigt*, 923 P.2d 778; *Diedrich*, 805 P.2d 362.

[12] 471 U.S. 202, 220 (1985).

[13] *Id.*

where a court must consult the CBA to determine the rate of pay in order to award damages, arbitration is not required.[14] Likewise, a claim challenging a specific employment action not prohibited by the CBA, like surreptitious videotaping of employees, does not need to be arbitrated.[15]

These cases are distinguishable from the case at bar not only because they apply LMRA rather than PERA, but because the federal cases required minimal or no reference to CBAs. In contrast, Hutton alleges that he suffered specific violations of the CBA; that he was disciplined, demoted, and ordered to attend a psychological evaluation without just cause. As discussed above, these claims require the careful interpretation and application of various provisions in the CBA, not a mere reference to the CBA as Hutton alleges.

### 5. Hutton Cannot Blame PSEA For His Own Failure to File Grievances

Hutton's fifth argument is that he asked PSEA to file grievances on his behalf, but PSEA failed to do so. Hutton asserts that he was not required to file a written grievance on his own without his union. But unlike some CBAs where the union must initiate a grievance, this CBA requires the employee to initiate the grievance process. [Ex. 1, Art. 8, § 3] It is not until a grievant reaches Step Two that PSEA is

---

[14] *Livadas v. Bradshaw*, 512 U.S. 107, 124-25, 114 S.Ct. 2068, 2078-79, 129 L.Ed.2d 93 (1994).

[15] *Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 693 (9th Cir. 2001) ("We need not "interpret" the CBA to see that it does not contemplate the surreptitious videotaping plaintiffs challenge in their state law claim. Consulting the CBA reveals the absence of such a provision.").

*Defendants' Joint Reply to Plaintiff's Opposition to Motion*
*For Partial Summary Judgment for Al Hutton's Failure to*
*Exhaust Administrative Remedies*
Case No. 4:08-CV-00029 RRB                                                                 Page 9 of 15

formally involved. [Ex. 1, Art. 8, § 4] Here, Hutton never met his own obligations under the CBA by filing a formalized, written grievance.

Hutton repeatedly blames the union for failing to act on his behalf and asserts that he did not have the power himself to file a grievance, but this is patently untrue. Hutton was well versed in the procedure for filing grievances, he negotiated the terms of the CBA himself, and had successfully filed grievance on behalf of himself and other employees. [*See, e.g.*, Complaint p. 5, ¶ 21] Hutton's proven ability to effectively navigate the grievance process renders inexcusable his failure to exhaust his administrative remedies.

Hutton relies on *Grant v. Municipality of Anchorage* for his argument that he was not required to independently pursue his grievance. Yet in *Grant*, the Alaska Supreme Court found that because the CBA allowed both the union and the individual to file a grievance, Grant was not excused from filing a grievance because his union refused to do so.[16] Likewise, the CBA in this case allows both PSEA and the individual employee to participate in the grievance process. In fact, the CBA in this case specifically requires the individual employee to initiate the grievance process, putting a heavier burden on the employee than the CBA in *Grant*. Hutton points to no section in the First Step of the grievance process that requires the union, and the union alone, to file a grievance. This is a sharp contrast to the cases cited in *Grant* where under the terms of the CBA an individual has no recourse if the union

---

[16]   20 P.3d 553, 555 (Alaska 2001).

*Defendants' Joint Reply to Plaintiff's Opposition to Motion*
*For Partial Summary Judgment for Al Hutton's Failure to*
*Exhaust Administrative Remedies*
Case No. 4:08-CV-00029 RRB                                                                 Page 10 of 15


declines to purse a grievance.[17] Only when the employee is prohibited from filing their own grievance will he or she be excused from the failure to exhaust. Because, under the terms of this CBA, Hutton was entitled to file a formal written grievance on his own, and because Hutton has a track record to prove that he was well aware of this procedure and fully capable of following it, Hutton should not be excused for failing to exhaust his administrative remedies.

### 6. Specific Claims

Hutton's sixth argument is that none of the specific claims challenged by Defendants are preempted. Once again, Hutton urges this court to adopt exceptions to the rule of exhaustion that would swallow the rule itself.

Hutton asks this court to find that because the CBA does not specifically require the torts of "retaliation" and "public policy" to be arbitrated, he can escape his obligation to exhaust his administrative remedies. Yet, as reflected in Hutton's own citation to federal law, an employee may not avoid his or her obligation to exhaust administrative remedies by simply reframing a contract claim as a tort claim.[18] This is also true under state law.[19] Hutton's public policy and retaliation

---

[17] *Id.* at 557 (citing *Casey v. City of Fairbanks*, 670 P.2d 1133 (Alaska 1983) and *Beard v. Baum*, 796 P.2d 1344 (Alaska 1990).

[18] *Allis-Chalmers Corp.*, 471 U.S. at 202 (1985).

[19] *Moore v. State, Dep't of Transp. & Pub. Facilities*, 875 P.2d 765, 767 (Alaska 1994) (holding that if the action is "an attempt to substitute a damage claim in tort for an unperfected administrative remedy," the complainant must first exhaust administrative remedies); *State, Dept. of Transp. and Public Facilities v. Fairbanks North Star Borough*, 936 P.2d 1259, 1260-61 (Alaska 1997); *see also Standard Alaska Prod. Co. v. State, Dep't of Revenue*, 773 P.2d 201, 207-08 (Alaska 1989) (holding that plaintiff challenging agency

Defendants' Joint Reply to Plaintiff's Opposition to Motion
For Partial Summary Judgment for Al Hutton's Failure to
Exhaust Administrative Remedies
Case No. 4:08-CV-00029 RRB                                      Page 11 of 15

claims are based on his allegations that he was unjustly disciplined and demoted and these are classically grieveable claims and specifically governed by the CBA. The Alaska Supreme Court has repeatedly emphasized the importance of the grievance process.[20] Allowing employees to circumvent administrative remedies by asserting that employment actions are against public policy and retaliatory would create a loophole that would swallow the rule.

Hutton's reliance on *Barnica* is misplaced. *Barnica* does not address the claims of public policy and retaliation; *Barnica* dealt only with a statutory sexual harassment claim.[21] Therefore, *Barnica* is not helpful in deciding this case. Additionally, as stated previously, *Barnica* requires that when a CBA prohibits conduct that is also prohibited by statute, the employee must pursue arbitration. Therefore, *Barnica* actually supports Defendants' argument that Hutton is required to exhaust his administrative remedies; when a CBA prohibits conduct that is also prohibited by law, the employee must pursue arbitration.

Hutton asserts that his covenant of good faith and fair dealing claim is a tort claim not a contract claim, and that it can be decided without any reference to the CBA. Of all of Hutton's claims, this one most plainly calls for dismissal. The Alaska Supreme Court has definitively decided that a claim of violation of the

---

amendment of tax assessment on statutory and constitutional grounds must first exhaust administrative remedies).

[20]    *See Department of Public Safety*, 732 P.2d at 1093; *Ahtna Inc.*, 894 P.2d at 662.

[21]    *Barnica*, 46 P.3d at 975.

*Defendants' Joint Reply to Plaintiff's Opposition to Motion*
*For Partial Summary Judgment for Al Hutton's Failure to*
*Exhaust Administrative Remedies*
Case No. 4:08-CV-00029 RRB                                                                       Page 12 of 15

covenant of good faith and fair dealing in the context of an employment dispute is not a tort.[22]

Hutton urges this court not to dismiss his covenant of good faith and fair dealing claim because it is based on retaliation he suffered for his union activities. But, the Alaska Supreme Court has repeatedly held that where a contract claim stems from an employment action to which the employee had a grievance procedure available, the employee must first exhaust his administrative remedies or the contract claim is subject to dismissal on summary judgment.[23]  Had Hutton grieved the discipline, demotion or unwarranted evaluation he alleges he suffered due to his union activities, and had the grievance been resolved in his favor, he would have a remedy for his injuries.  In other words, the employment actions Hutton alleges were undeniable grieveable, and Hutton's various theories about the Defendants' motives are irrelevant for exhaustion purposes.

Finally, Hutton asserts that his claims for defamation and right to privacy are not preempted.  However, Chief Hoffman's alleged statements about Hutton having a psychological examination were inextricably intertwined with the terms of the

---

[22]  *See State, Dept. of Natural Resources v. Transamerica Premier Ins. Co.* 856 P.2d 766, 774 (Alaska 1993) ("Breach of this covenant in an at-will employment contract does not constitute a tort."; *ARCO Alaska, Inc. v. Akers*, 753 P.2d 1150, 1153 (Alaska 1988) ("The dispute in this case concerns whether breach of the covenant of good faith and fair dealing, which this court has held is implied in all at-will employment contracts, constitutes a tort as well as a breach of contract. ... We hold that it does not."); *see also Grant*, 20 P.3d at 557 n.16 ("Violation of the implied covenant of good faith and fair dealing is a breach of contract claim. … As with other contractual claims under a CBA, a good faith and fair dealing claim must be pursued by grievance.").

[23]  *See, e.g., Grant*, 20 P.3d 553; *Voigt*, 923 P.2d 778; *Diedrich*, 805 P.2d 362.

*Defendants' Joint Reply to Plaintiff's Opposition to Motion*
*For Partial Summary Judgment for Al Hutton's Failure to*
*Exhaust Administrative Remedies*
Case No. 4:08-CV-00029 RRB                                                                 Page 13 of 15

CBA.[24]  The CBA expressly provides a specific procedure for contesting a psychological examination, and had Hutton availed himself of this procedure, he may have avoided having the examination.

## IV. CONCLUSION

Hutton should have sought to resolve this employment dispute through the administrative remedies that he negotiated himself in the CBA.  His failure to do so is inexcusable.  For all the foregoing reasons, Defendants respectfully request that this Court grant their Joint Motion for Partial Summary Judgment.

Dated in Anchorage, Alaska, this 30th day of July, 2009.

JERMAIN DUNNAGAN & OWENS, P.C.
Attorneys for Defendant City of Fairbanks

By:  s/ Howard S. Trickey
      Howard S. Trickey
      Alaska Bar No. 7610138
      htrickey@jdolaw.com

By:  s/ Matthew Singer
      Matthew Singer
      Alaska Bar No. 9911072
      msinger@jdolaw.com
      3000 A Street, Suite 300
      Anchorage, AK  99503
      Phone:  907-563-8844
      Fax:  907-563-7322

---

[24] *See, e.g., Shane v. Greyhound Lines, Inc.*, 868 F.2d 1057, 1062 (9th Cir. 1989).

*Defendants' Joint Reply to Plaintiff's Opposition to Motion
For Partial Summary Judgment for Al Hutton's Failure to
Exhaust Administrative Remedies*
Case No. 4:08-CV-00029 RRB                                                                 Page 14 of 15

LAW OFFICES OF JOSEPH W. EVANS
Attorney for Defendants Chief Daniel P. Hoffman and Deputy Chief Brad Johnson

By:   *s/Joseph W. Evans*
          Joseph W. Evans
          Alaska Bar No. 7610089
          josephwevans@hotmail.com
          P.O. Box 519
          Bremerton, WA  98337-0124
          Phone:  360-782-2418
          Fax:  360-782-2419

**CERTIFICATE OF SERVICE**

I hereby certify that on July 30, 2009, a true and correct copy of the foregoing document was served electronically on the following counsel of record:

Linda J. Johnson
Clapp, Peterson, Van Flein,
Tiemessen & Thorsness LLC

Joseph W. Evans
Law Offices of Joseph W. Evans

      *s/Matthew Singer*