IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| AL HUTTON and DOUG WHORTON,<br><br>      Plaintiffs,<br><br>v.<br><br>CITY OF FAIRBANKS,<br><br>      Defendants. | Case No. 4:08-cv-0029 RRB<br><br><br>**INSTRUCTIONS TO THE JURY** |

## INSTRUCTION NO. 1

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. At the end of the trial, I will give you a final set of instructions. It is the final set of instructions which will govern your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

## INSTRUCTION NO. 2

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

## INSTRUCTION NO. 3

You should decide the case as to each Plaintiff separately. Unless otherwise stated, the instructions apply to all parties.

## INSTRUCTION NO. 4

The evidence you are to consider in deciding what the facts are consists of:

1.   the sworn testimony of any witness;

2.   the exhibits which are received into evidence; and

3.   any facts to which the lawyers have agreed.

## INSTRUCTION NO. 5

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they will say in their opening statements and closing arguments, and at other times, is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

(4) Anything you may see or hear when the court is not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## INSTRUCTION NO. 6

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

## INSTRUCTION NO. 7

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

Let me give you an example.

If before you go to bed on a winter night, you look out your window and see it snowing and you reach out the window and feel it on your hand, you have personal knowledge that it is snowing. This is direct evidence.

But, if when you go to sleep the sky and the ground are clear and when you later awaken and the ground is white and covered with snow, you conclude that it snowed even though you did not see the snow fall. This is circumstantial evidence.

Neither type of evidence, that is neither direct nor circumstantial, is entitled to any greater weight than the other.

## INSTRUCTION NO. 8

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

## INSTRUCTION NO. 9

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1)   the opportunity and ability of the witness to see or hear or know the things testified to;

(2)   the witness's memory;

(3)   the witness's manner while testifying;

(4)   the witness's interest in the outcome of the case and any bias or prejudice;

(5)   whether other evidence contradicted the witness's testimony;

(6)   the reasonableness of the witness's testimony in light of all the evidence; and

(7)   any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

## INSTRUCTION NO. 10

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about

this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

## INSTRUCTION NO. 11

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the jury room. No one will read your notes. They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

**INSTRUCTION NO. 12**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

## INSTRUCTION NO. 13

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

## INSTRUCTION NO. 14

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

## INSTRUCTION NO. 15

During deliberations, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

## INSTRUCTION NO. 16

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

## INSTRUCTION NO. 17

We are about to take our first break during the trial and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately. Do not read or listen to any news reports of the trial. Finally, you are reminded to keep an open mind until all the evidence has been received and you have heard the arguments of counsel, the instructions of the court, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the bailiff to give to me.

I will not repeat these admonitions each time we recess or adjourn, but you will be reminded of them on such occasions.

## INSTRUCTION NO. 18

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

Each of you will receive a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

## INSTRUCTION NO. 19

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## INSTRUCTION NO. 20

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

## INSTRUCTION NO. 21

A Special Verdict has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

## INSTRUCTION NO. 22

You are instructed, for purposes of this litigation, that the City of Fairbanks, the Defendant in this matter, can be viewed as a "person," acting under color of law, through its Mayor and final policy-maker, Terry Strle. The City may be liable for any acts taken by the Mayor in performance of her official duties.

For purposes of these instructions, the Court will refer to the Mayor and the City of Fairbanks collectively as the "City."

## INSTRUCTION NO. 23

Plaintiff Al Hutton contends that the reason he was terminated from employment in June 2009 as a Police Officer with the City of Fairbanks was because he met with Mayor Terry Strle in January of 2008 and contends that this termination was in violation of his First Amendment right of freedom of speech.

Defendant Doug Whorton contends that his demotion from Lieutenant to Sr. Patrol Officer with the City of Fairbanks Police Department arising from his meeting with Mayor Strle in January of 2008 was in violation of his First Amendment right of freedom of speech.

**INSTRUCTION NO. 24**

With regard to Plaintiff Al Hutton, you must first determine whether or not Al Hutton has proven, by a preponderance of the evidence, that he was terminated because of his January 2008 meeting with Mayor Strle. If you conclude that this was the reason for his termination, you must next determine, by a preponderance of the evidence, whether or not this termination constituted a violation of his First Amendment right of freedom of speech as defined in Instruction No. 26. If you find both of the above, you must then determine whether or not the City has established, by a preponderance of the evidence, that it was excused because it had adequate justification for its employment action and/or because the termination would have occurred even absent the protected speech.

## INSTRUCTION NO. 25

With regard to Plaintiff Doug Whorton, you must first determine whether or not his demotion from Lieutenant to Sr. Patrol Officer arising from his meeting with Mayor Strle in January 2008 was a violation of his First Amendment right of freedom of speech as defined in Instruction No. 26. If you conclude that it was, then you must determine whether or not the City has established, by a preponderance of the evidence, that it was excused because it had an adequate justification for its employment action and/or the demotion would have occurred absent the protected speech.

## INSTRUCTION NO. 26

The law provides that in certain circumstances a public employee has the right to speak without fear of reprisal from an employer but in some circumstances he does not.

Under the First Amendment, a public employee has a qualified right to speak on matters of public concern. In order to prove the City deprived Plaintiffs of their First Amendment right, the Plaintiff much prove each of the following elements by a preponderance of the evidence:

1. The Plaintiff spoke as a private citizen and not as part of his official duties;

2. The speech was primarily on a matter of public as opposed to private concern;

3. The City took an adverse employment action against Plaintiff; and

4. The Plaintiff's speech was a substantial or motivating factor for the adverse employment action.

## INSTRUCTION NO. 27

A government entity has broader discretion to restrict speech when it acts in its role as employer, but the restriction it imposes must be directed at speech that has some potential to affect the entity's operations. Public employees must face only those speech restrictions that are necessary for their employers to operate efficiently and effectively.

## INSTRUCTION NO. 28

Speech involves a matter of public concern, for purposes of a First Amendment retaliation claim, when it fairly can be said to relate to any matter of political, social, or other concern to the community, but speech that deals primarily with individual personnel disputes and grievances that would be of no relevance to the public's evaluation of the performance of a governmental agency is generally not of public concern for purposes of a First Amendment retaliation claim.

Mixed questions of private and public concern may or may not fall within the scope of First Amendment protection. It is for the jury to consider the primary purpose of Plaintiffs' January 2008 meetings with Mayor Strle.

In determining whether a public employee spoke on a matter of public concern, as opposed to a matter of private concern, for purposes of a First Amendment retaliation claim, the jury must consider the content, form, and context of a given statement, as revealed by the whole record.

## INSTRUCTION NO. 29

To show that retaliation for protected speech was a substantial or motivating factor behind an adverse employment action, a plaintiff can (1) introduce evidence that the speech and adverse action were proximate in time, such that a jury could infer that the action took place in retaliation for the speech; (2) introduce evidence that the employer expressed opposition to the speech; or (3) introduce evidence that the proffered explanations for the adverse action were false and pre-textual.

## INSTRUCTION NO. 30

If you find that either or both of the Plaintiffs have proven the four elements of a First Amendment claim as stated in Instruction No. 26, then you must consider whether the City has proven, by a preponderance of the evidence, that it had an adequate justification for the employment actions that it took with regard to the Plaintiff.

The City had an adequate justification if you find it more likely than not that the Plaintiff's conduct either:

1.    Did cause actual, material, and substantial disruption in the workplace; or

2.    It was reasonable to predict that it would disrupt the workplace.

In considering whether the City had adequate justification, you may take into account that the Plaintiffs worked in a police department and that a police department has a legitimate interest in maintaining discipline and harmony among its employees.

If you find that the City had an adequate justification, then you must enter your verdict for the City.

## INSTRUCTION NO. 31

If you find that either or both of the Plaintiffs have proven the four elements of a First Amendment claim as stated in Instruction No. 26, then you must consider whether the City has proven, by a preponderance of the evidence, that the City would have taken the adverse employment action even absent the protected speech.

## INSTRUCTION NO. 32

When determining liability, you must not substitute your own judgment for that of the employer about its employment decisions. In managing its affairs, the City of Fairbanks is entitled to exercise managerial discretion. The employer's stated reason for making an employment decision does not have to be a reason that you, as jurors, would act on or approve so long as the reason is non-retaliatory and the City honestly believed its rationale for making the employment decisions.

# INSTRUCTION NO. 33

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Plaintiffs, you must determine each Plaintiff's damages separately. Plaintiffs have the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

    The types of damages requested for Al Hutton are loss of
        past and future wages,
        past and future benefits,
        past and future non-economic damages


    The types of damages requested for Doug Whorton are loss of
        past wages,
        ~~past~~ benefits,
        past and future non-economic damages

It is for you to determine what damages, if any, have been proved. Your award must be based upon evidence and not upon speculation, guesswork, or conjecture.

## INSTRUCTION NO. 34

In determining the measure of damages, you should consider:

(1)   The reasonable value of wages lost to the present time;

(2)   As to Mr. Hutton's claim, the reasonable value of wages and benefits lost, if any, which with reasonable probability will be lost in the future;

(3)   The mental pain and suffering experienced and which with reasonable probability will be experienced in the future.

## INSTRUCTION NO. 35

An award of back pay shall include any lost pay the Plaintiffs would have received from the date the City discharged or demoted Plaintiffs to the date of trial. The Plaintiffs have the burden of proving both the existence and the amount of back pay by a preponderance of the evidence.

The Plaintiffs have a duty to undertake reasonable measures to minimize their damages and the City is not required to compensate the Plaintiffs for damages that are avoidable. Thus, your award of back pay should be reduced by the amount of damages that the plaintiffs actually avoided, or could have avoided, if they had made reasonable efforts. The City has the burden of proving by a preponderance of the evidence that a reduction should be made and the amount by which the award should be reduced.

## INSTRUCTION NO. 36

Any award for future economic damages must be for the present cash value of those damages.

Non-economic damages such as emotional distress are not reduced to present cash value.

Present cash value means the sum of money needed now, which, when invested at a reasonable rate of return, will pay future damages at the times and in the amounts that you find the damages will be incurred.

The rate of return to be applied in determining present cash value should be the interest that can reasonably be expected from safe investments that can be made by a person of ordinary prudence, who has ordinary financial experience and skill. You should also consider decreases in the value of money which may be caused by future inflation.

## INSTRUCTION NO. 37

The second item of loss claimed by Plaintiffs is for non-economic losses. You may award a plaintiff a fair amount to compensate that plaintiff for anguish, humiliation, embarrassment and the like stemming from a violation of his rights. Such an award should fairly compensate the plaintiff for the non-economic losses he has experienced from the date of the occurrence until the date of trial and non-economic losses that he is reasonably probable to experience in the future. In deciding how long the plaintiff may experience such losses in the future, you may need to consider his current life expectancy.

The law does not establish a definite standard for deciding the amount of compensation for non-economic losses, and the law does not require that any witness testify as to the dollar value of non-economic losses. You must exercise your reasonable judgment to decide a fair amount in light of the evidence and your experience.

## INSTRUCTION NO. 38

You have heard evidence of Plaintiffs' emotional distress and their request for an award of damages. Not all forms of emotional distress are a recoverable. Plaintiffs must prove that their emotional distress was proximately caused by the City's employment actions in order for you to award damages. Emotional distress caused by a Plaintiff's participation in the litigation process or for reasons unrelated to the City's employment actions against that Plaintiff is not recoverable as damages.

## INSTRUCTION NO. 39

The Plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The Defendant has the burden of proving by a preponderance of the evidence:

1.     That the Plaintiff failed to use reasonable efforts to mitigate damages; and

2.     The amount by which damages would have been mitigated.

## INSTRUCTION NO. 40

You have heard evidence in this case that the City offered to return Doug Whorton to work and that Plaintiff rejected that offer. If you find that the City made an unconditional offer of employment of a job substantially comparable to Plaintiff's former employment and that Plaintiff unreasonably refused that offer, Plaintiff may not recover back pay after the date of the offer, unless special circumstances exist. In considering whether special circumstances exist, you must consider the circumstances under which the offer was made or rejected, including the terms of the offer and Plaintiff's reasons for refusing the offer. However, if the job offer was not substantially similar to Plaintiff's former employment or if it required Plaintiff to relinquish valuable rights, Plaintiff was under no obligation to accept it.

## INSTRUCTION NO. 41

The law which applies to this case authorizes an award of nominal damages. If you find for the Plaintiff but you find that the Plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

## INSTRUCTION NO. 42

You should deliberate up until 5:00 p.m. each day. You may then discontinue your deliberations and go to your homes for the night, but must return to the jury room to continue your deliberations at 9:00 a.m. the following business day. At the time the jury may be apart, you are admonished that you do not discuss the case or your deliberations with anyone, nor should you allow anyone to discuss the case or your deliberations with you, and you should not discuss the case among yourselves until the entire jury has assembled.

DATED this 10th day of April, 2013.

S/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE