Howard S. Trickey
Matthew Singer
JERMAIN DUNNAGAN & OWENS, P.C.
3000 A Street, Suite 300
Anchorage, AK 99503
Phone: 907-563-8844
Fax: 907-563-7322

Counsel for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| AL HUTTON and DOUG WHORTON, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| CITY OF FAIRBANKS, CHIEF ) | |
| DANIEL P. HOFFMAN AND DEPUTY ) | |
| CHIEF BRAD JOHNSON, each in his ) | |
| Individual and Official Capacity, ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | Case No. 4:08-cv-00029-RRB |

**DEFENDANT CITY OF FAIRBANKS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PREVAILING PARTY ATTORNEY'S FEES**

**I.     INTRODUCTION**

Defendant City of Fairbanks incurred substantial attorney's fees to defend against claims asserted by Al Hutton and Doug Whorton which, in the end, were "completely without merit." [Docket 353 at 14] The Court should award prevailing party attorney's fees to defendant City of Fairbanks pursuant to 42 U.S.C. § 1988, Alaska Civil Rule 68 and Alaska Civil Rule 82.

## II. SUMMARY OF CLAIMS AND PROCEEDINGS

As this Court recently noted, this has been an extremely expensive, arduous piece of litigation. No doubt, this unfortunate dispute was complicated by the shotgun, scorched-earth litigation tactics employed by Hutton and Whorton. Both plaintiffs had the opportunity to preview their cases with neutral arbitrators, and both times the arbitrators concluded that their claims were without merit. Undeterred by these neutral assessments, Hutton and Whorton insisted on pursuing their meritless employment concerns through a federal jury trial, and engaged in tactics which, in retrospect, appear to be intended to cause the City, Dan Hoffman, and Brad Johnson to incur maximum expense, burden, and heartache.

Plaintiffs filed suit in July 2008, asserting eight different causes of action, all arising from the same nucleus of facts. Despite the fact that each plaintiff had well-established grievance rights through their collective bargaining agreement, they each insisted on pursuing numerous state law claims which were plainly covered by the collective bargaining agreement and the obligation to exhaust the contractual remedies. These included claims for violation of "public policy," "retaliation," "covenant of good faith and fair dealing," "defamation," and "right to privacy." [*See* Complaint, Docket 1] Plaintiffs complicated the case with multiple amended pleadings and new theories as the case proceeded. For example, Doug Whorton asserted an American with Disabilities Act claim on the basis that the City did not accommodate his wish to be treated "with respect" and even though he had failed to take the basic jurisdictional step of first submitting a

DEFENDANT CITY OF FAIRBANKS' MEMORANDUM OF LAW IN SUPPORT OF MOTION  PAGE 2
FOR PREVAILING PARTY ATTORNEY'S FEES
*HUTTON AND WHORTON V. CITY OF FAIRBANKS, ET AL.*
CASE NO. 4:08-CV-00029-RRB

Case 4:08-cv-00029-RRB   Document 359   Filed 09/03/13   Page 2 of 9

LAW OFFICES OF
**JERMAIN DUNNAGAN & OWENS**
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

complaint to the EEOC. Plaintiffs also filed a series of unsuccessful motions to disqualify counsel or to take needlessly broad discovery into other employees' private personnel files. Ultimately, each plaintiff proceeded to trial under 42 U.S.C. § 1983 on theories of First Amendment retaliation. As this Court has concluded, plaintiffs' claims were "completely without merit." [Docket 353 at 14]

This dispute could have been avoided had plaintiffs accepted the defendant's formal offers of judgment on February 19, 2009. [Declaration of Matthew Singer] Instead, plaintiffs insisted on litigating their meritless claims for nearly four additional years.

## III. APPLICABLE LEGAL STANDARDS FOR AWARD OF ATTORNEY'S FEES

Defendants are entitled to recover attorney's fees under 42 U.S.C. § 1988, Alaska Civil Rule 68 and Alaska Civil Rule 82.

### A. Standard for Award Under 42 U.S.C. § 1988

A defendant may recover 42 U.S.C. § 1988 attorney's fees if "the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith."[1] In enacting 42 U.S.C. § 1988, Congress sought to protect defendants from burdensome litigation having no legal or factual basis.[2] "Fee-shifting to recompense a defendant … is not all-or-nothing: A defendant need not show every claim

---

[1] *Hughes v. Rowe*, 449 U.S. 5, 14 (1980).

[2] *Fox v. Vice*, __ U.S.__, 131 S. Ct. 2205, 2213 (2011).

LAW OFFICES OF
**JERMAIN DUNNAGAN & OWENS**
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

in a complaint is frivolous to qualify for fees."[3] In evaluating a fee application, "trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfections. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating the attorney's time."[4]

For defendants to recover fees under 42 U.S.C. § 1988, the Court must find that plaintiffs' claims are "frivolous, unreasonable, or groundless."[5] The Ninth Circuit has upheld fee awards when the plaintiffs claims are groundless, without foundation, frivolous, or unreasonable, and such terms do not have appreciably different meanings.[6]

Attorney's fees under § 1988 are calculated using the lodestar method, taking the hours reasonably and necessarily incurred defending the claim and multiplying those hours by a reasonable hourly rate.[7]

### B. Standard for Award Under Alaska Civil Rule 68

Alaska Civil Rule 68 is intended to encourage settlement and dissuade frivolous litigation. Rule 68(b)(2) provides that "if the offer was served more than 60 days after both parties made the disclosures required by Civil Rule 26 but more than 90 days before

---

[3] *Id.* at 2214.

[4] *Id.* at 2216.

[5] *Braunstein v. Arizona Dept. of Transp.*, 683 F.3d 1177, 1187 (9th Cir. 2012).

[6] *Alaska Right to Life Political Action Committee v. Feldman*, 504 F.3d 840, 852 (9th Cir. 2007).

[7] *See Evers v. County of Custer*, 745 F.2d 1196, 1204-05 (9th Cir. 1984).

DEFENDANT CITY OF FAIRBANKS' MEMORANDUM OF LAW IN SUPPORT OF MOTION  PAGE 4
FOR PREVAILING PARTY ATTORNEY'S FEES
*HUTTON AND WHORTON V. CITY OF FAIRBANKS, ET AL.*
CASE NO. 4:08-CV-00029-RRB
Case 4:08-cv-00029-RRB   Document 359   Filed 09/03/13   Page 4 of 9

the trial began, the offeree shall pay 50 percent of the offeror's reasonable actual attorney fees."

### C. Standard for Award Under Alaska Civil Rule 82

Plaintiffs asserted numerous state law claims which this Court considered pursuant to its pendant jurisdiction. Under Alaska law, the prevailing party is entitled to recover a portion of its attorney's fees. Alaska Rule of Civil Procedure 82(b)(2) provides, in pertinent part:

> (2) In cases in which the prevailing party recovers no money judgment, the court … shall award the prevailing party in a case resolved without trial 20 percent of its actual attorney's fees which were necessarily incurred.

The purpose of this rule is to partially compensate a prevailing party for the productive work done by his attorney.[8] The purpose of this rule is to encourage the settlement of civil litigation, as well as to encourage parties whose claims may not be meritorious to reconsider the viability of protracted litigation.[9]

## IV. DISCUSSION

**Argument #1: Plaintiffs' Claims Were Groundless So Fees are Appropriate Under § 1988**

Plaintiffs' case was frivolously brought. Seven of the plaintiffs' eight causes of action were dismissed on summary judgment, and their final claim, for First Amendment retaliation, was resolved by this Court as a matter of law pursuant to Federal Civil Rule

---

[8] *See State v. Abbott*, 498 P.2d 712 (Alaska 1972).

[9] *See Miklautsch v. Dominick*, 452 P.2d 438 (Alaska 1969).

DEFENDANT CITY OF FAIRBANKS' MEMORANDUM OF LAW IN SUPPORT OF MOTION PAGE 5
FOR PREVAILING PARTY ATTORNEY'S FEES
*HUTTON AND WHORTON V. CITY OF FAIRBANKS, ET AL.*
CASE NO. 4:08-CV-00029-RRB

Case 4:08-cv-00029-RRB Document 359 Filed 09/03/13 Page 5 of 9

LAW OFFICES OF
**JERMAIN DUNNAGAN & OWENS**
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

50(b). [*See* Order at Docket 353] The only reason that the First Amendment claim was submitted to the jury is that plaintiffs alleged facts, unsupported by any other witness, that suggested they may have acted as private citizens or spoken about matters of public concern. After plaintiffs presented their case, it was "abundantly clear … that Hutton was acting as a public employee and in his capacity as a police officer when he approached the mayor" [Docket 353 at 4] and "Whorton's complaints were unfounded or over-blown." [Docket 353 at 12] The outcome of this case was entirely predictable – indeed, both plaintiffs lost similar claims before neutral arbitrators yet persisted in this litigation. Plaintiffs contended that the police department was poorly run, yet could not produce a single witness to corroborate their contentions at trial and the evidence "was overwhelming that the City police department was operating well under Chief Hoffman." [Docket 353 at 9]

As explained in the Declaration of Matthew Singer, the City incurred a total of $349,948 to defend this lawsuit for the past five years. [Declaration ¶ 3] A reasonable estimate of work incurred on the federal claims is that the City incurred $238,805.50 as a result of the defense of the First Amendment retaliation claim (*See* Declaration ¶ 5: $200,082.50 in fees which Singer can attribute directly to defense of the First Amendment claim, plus $38,723 which equals 50% of the general defense fees incurred during the course of this litigation). That rates charged are at an attorney rate of $165, $175, $190, and $195 over the course of the years, all rates well below standard market rates in Alaska. [Declaration ¶ 6] The lodestar amount of $238,805.50 should be

DEFENDANT CITY OF FAIRBANKS' MEMORANDUM OF LAW IN SUPPORT OF MOTION PAGE 6
FOR PREVAILING PARTY ATTORNEY'S FEES
*HUTTON AND WHORTON V. CITY OF FAIRBANKS, ET AL.*
CASE NO. 4:08-CV-00029-RRB

Case 4:08-cv-00029-RRB   Document 359   Filed 09/03/13   Page 6 of 9

LAW OFFICES OF
**JERMAIN DUNNAGAN & OWENS**
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

awarded as the reasonable and necessary costs incurred by the City to defend the plaintiffs' frivolous claims.

### Argument #2: Fees Should be Awarded Pursuant to Alaska Civil Rule 68

As set forth in the Declaration of Matthew Singer, the City sent offers of judgment on February 19, 2009 to Mr. Hutton and Mr. Whorton, offering to settle with each for $1,000. Given that each plaintiff was asserting claims completely without merit, the City made a legitimate offer to compromise in order to try to resolve the case. The City's offer of judgment was made more than 60 days after the parties exchanged initial disclosures, but more than 90 days before trial, so pursuant to Alaska Civil Rule 68(b)(2), plaintiffs owe the City 50% of its reasonable actual attorney fees incurred defending the Alaska state law claims between the date of the offer and the trial.

As explained in the Declaration of Singer, after making its Rule 68 offer, the City incurred a total of $93,696.75 in attorney's fees from the date of its Rule 68 offer through the time when the state law claims were finally resolved in the various summary judgment orders (*See* Declaration ¶ 9: $56,564.50 in fees incurred from the date of the offer which Singer can attribute directly to the state law claims, plus $37,132.25 which is 50% of the general defense fees incurred from the date of the offer through the date on which all state law claims were finally resolved by motions practice). Accordingly, pursuant to Alaska Civil Rule 68(b)(2), the City is entitled to 50% of this amount, or $46,848.37.

LAW OFFICES OF
**JERMAIN DUNNAGAN & OWENS**
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

DEFENDANT CITY OF FAIRBANKS' MEMORANDUM OF LAW IN SUPPORT OF MOTION  PAGE 7
FOR PREVAILING PARTY ATTORNEY'S FEES
*HUTTON AND WHORTON V. CITY OF FAIRBANKS, ET AL.*
CASE NO. 4:08-CV-00029-RRB

Case 4:08-cv-00029-RRB   Document 359   Filed 09/03/13   Page 7 of 9

**Argument #3: If the Court Does Not Award Rule 68 Fees, then It Should Award Rule 82 Fees**

A defendant may recover prevailing party fees under either Alaska Civil Rule 68 or Rule 82, but not both. Thus, if the Court agrees with the above analysis and awards fees under Rule 68, it should not also award fees under Rule 82. However, if for any reason the Court were not to award Rule 68 fees, then it should award prevailing party fees under Rule 82.

As set forth in the Declaration of Matthew Singer, the City incurred a total of $106,930.50 to defend the state law claims asserted by plaintiffs (*See* Declaration ¶ 10: $68,207.50 which Singer can attribute directly to the cost of defending the state law claims, plus another $38,723 which constitutes half of the general defense costs incurred in the matter). Pursuant to the standard schedule of Alaska Civil Rule 82, the City is entitled to recover 30% of its reasonable attorney's fees, or $32,079.15. Under Rule 82(b)(3), the court may adjust the standard award based on factors including the complexity of the litigation, the length of the trial, the reasonableness of the claims, and vexatious or bad faith conduct.

Considering plaintiffs' aggressive shotgun approach to litigation, many of the Rule 82(b)(3) factors suggest that an upward adjustment of Rule 82 fees would be justified in this case.

## V. CONCLUSION

For the foregoing reasons, the Court should award $238,805.50 in attorney's fees

DEFENDANT CITY OF FAIRBANKS' MEMORANDUM OF LAW IN SUPPORT OF MOTION  PAGE 8
FOR PREVAILING PARTY ATTORNEY'S FEES
*HUTTON AND WHORTON V. CITY OF FAIRBANKS, ET AL.*
CASE NO. 4:08-CV-00029-RRB

Case 4:08-cv-00029-RRB   Document 359   Filed 09/03/13   Page 8 of 9

LAW OFFICES OF
**JERMAIN DUNNAGAN & OWENS**
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

pursuant to 42 U.S.C. § 1988, plus $46,848.37 in attorney's fees pursuant to Alaska Civil Rule 68. In the alternative to an award under Rule 68, the Court should award fees pursuant to Alaska Civil Rule 82 in the amount of at least $32,079.15

DATED at Anchorage, Alaska this 3rd day of September, 2013.

JERMAIN DUNNAGAN & OWENS, P.C.
Attorneys for Defendants


By:  *s/ Matthew Singer*
    Matthew Singer
    Alaska Bar No. 9911072
    msinger@jdolaw.com
    3000 A Street, Suite 300
    Anchorage, AK 99503
    Phone: 907-563-8844
    Fax: 907-563-7322

**CERTIFICATE OF SERVICE**

I hereby certify that on September 3, 2013, a true and correct copy of the foregoing document was served electronically on the following counsel of record:

Linda J. Johnson
Clapp, Peterson, Tiemessen,
  Thorsness & Johnson LLC

Joseph W. Evans
Law Offices of Joseph W. Evans

   s/*Matthew Singer*

LAW OFFICES OF
**JERMAIN DUNNAGAN & OWENS**
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

DEFENDANT CITY OF FAIRBANKS' MEMORANDUM OF LAW IN SUPPORT OF MOTION   PAGE 9
FOR PREVAILING PARTY ATTORNEY'S FEES
*HUTTON AND WHORTON V. CITY OF FAIRBANKS, ET AL.*
CASE NO. 4:08-CV-00029-RRB
Case 4:08-cv-00029-RRB   Document 359   Filed 09/03/13   Page 9 of 9